UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on November 10, 2021

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 21- |
| | : | |
| | : | Grand Jury Original |
| FRANKLIN A. OLAITAN, | : | |
| | : | Violations: |
| Defendant. | : | |
| | : | 18 U.S.C. § 1343 (Wire Fraud) |
| | : | 18 U.S.C. § 2314 (Interstate |
| | : | Transportation of Stolen Property) |
| | : | 18 U.S.C. § 1028A (Aggravated Identity |
| | : | Theft) |
| | : | 18 U.S.C. § 1028 (Identity Theft) |
| | : | 22 D.C. Code § 3221 (First Degree |
| | : | Fraud) |
| | : | |
| | : | Forfeiture Allegation: |
| | : | |
| | : | 18 U.S.C. § 981; 21 U.S.C. § 853; |
| | : | 18 U.S.C. § 982(a)(2)(B); and |
| | : | 28 U.S.C. § 2461 |

**INDICTMENT**

The Grand Jury charges that:

**BACKGROUND**

At all times material to the Indictment:

1. Defendant FRANKLIN A. OLAITAN ("OLAITAN") was a resident of the State of Maryland.

2. Defendant OLAITAN controlled an entity called TNS Title, LLC ("TNS Title"), incorporated in the State of Maryland in or about August 2014.

3. Defendant OLAITAN controlled a limited liability company called 915 Decatur Street, N.W., LLC ("915 Decatur").

4. On or about October 1, 1996, Person 1 became the owner of a specific residential property located in the 2000 block of First Street N.W., Washington, DC ("First Street property").

5. Person 2 and Person 3 owned a real estate development company, Company 1.

6. Defendant OLAITAN fraudulently used his corporate entity, 915 Decatur, to purport to purchase of the First Street property from the true owner, Person 1, and to re-sell the property thereafter – all without Person 1's knowledge or consent.

7. To close the two purported sales of the First Street property, defendant OLAITAN made false and fraudulent misrepresentations, including false and fraudulent misrepresentations to obtain financing from a mortgage lender and for settlement.

8. Defendant OLAITAN used the name and the purported signatures of Person 1 and Person 4 (a notary), without permission or authority, to facilitate the purported sale of the First Street property to 915 Decatur.

9. Defendant OLAITAN then purported to sell the First Street property without the knowledge or consent of the owner, Person 1, to an unknowing legitimate purchaser, Company 1, with the goal of taking the sale proceeds for himself and others and causing a loss to the owner, buyer, and title company.

### COUNTS ONE THROUGH FOUR
(Wire Fraud)

10. Paragraphs 1 through 9 are incorporated herein.

### The Scheme to Defraud

11.     Beginning on or about September 23, 2016 through on or about March 22, 2017, in the District of Columbia and elsewhere, defendant FRANKLIN A. OLAITAN devised and intended to devise a scheme to defraud the owner, the mortgage lender, and the subsequent buyer of the First Street property and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises.

### The Purpose of the Scheme

12.     It was a purpose of the scheme that the defendant enrich himself by falsely obtaining title to the First Street property, then selling that property in order to obtain sale proceeds, which he used for his own personal use and benefit.

### The Manner and Means

It was part of the scheme that:

13.     Beginning from at least on or about September 23, 2016, defendant OLAITAN identified target real properties located in the District of Columbia, including the First Street property.

### First Sales Contract

14.     On or about October 24, 2016, defendant OLAITAN prepared or caused to be prepared a false and fraudulent sales contract and addendums to the contract (collectively, the "First Contract"), including the forged signature of the owner, Person 1, which purported to be an agreement to sell the First Street property between Person 1 and 915 Decatur for $420,000.

15.     On or about October 24, 2016, defendant OLAITAN provided the false First Contract to a real estate agent located in the State of Maryland.

16. On or about October 31, 2016, defendant OLAITAN emailed a title company located in Maryland ("Title Company") regarding the purported purchase and settlement of the First Street property.

17. On or about November 17, 2016, defendant OLAITAN obtained a mortgage from a New Jersey-based lending company for the purpose of allegedly purchasing the First Street property for approximately $420,000.

18. On or about December 7, ~~2021~~ 2016 [handwritten correction], defendant OLAITAN presented or caused to be presented to the Title Company a false owner's affidavit bearing a false signature of Person 1 and a false signature of a notary (that is, Person 4), and notary stamp.

19. On or about December 7, ~~2021~~ 2016 [handwritten correction], defendant OLAITAN presented or caused to be presented to the Title Company, a false Real Property Recordation and Tax Transfer form ("Form FP 7/C") bearing a false signature of Person 1 and a false signature of a notary (Person 4), and notary stamp.

20. On or about December 7, 2016, defendant OLAITAN provided a false and fraudulent settlement statement ("HUD-1") purportedly signed by Person 1, the true owner of First Street, selling the First Street property to the entity 915 Decatur, which defendant OLAITAN controlled. Defendant OLAITAN also provided the Title Company with a copy of a false New Jersey driver's license purporting to be the driver's license of Person 1.

21. Defendant OLAITAN prepared or caused to be prepared a false Deed containing a false signature of Person 1 and containing a false and fraudulent signature of a notary (Person 4), and notary stamp.

22. On or about December 9, 2016, the New Jersey-based lending company caused approximately $430,853 to be wired to the Title Company's Bank of America escrow account to fund the purported purchase of the First Street property from Person 1 to 915 Decatur.

23. On or about December 9, 2016, defendant OLAITAN caused the Title Company to provide him with check no. 056474, made payable to Person 1 from the Title Company's escrow account for the owner's alleged portion of the sale proceeds.

24. On or about December 15, 2016, defendant OLAITAN caused the Title Company to file the false and fraudulent Deed with the District of Columbia's Recorder of Deeds ("DCROD"), which purportedly transferred the title of the First Street property from Person 1 to 915 Decatur.

25. On or about December 15, 2016, defendant OLAITAN caused the Title Company to provide the DCROD with checks to pay the fees and taxes associated with the recording of the fraudulent Deed and purported sale of the First Street property between Person 1 and 915 Decatur.

26. On or about March 22, 2017, defendant OLAITAN deposited or caused to be deposited into a Wells Fargo bank account under his control check no. 056474, in the amount of $14,748.54, from Title Company's escrow account and made payable to Person 1, which were the purported seller's proceeds from the first false sale of the First Street property. The check contained a false signature and endorsement of Person 1 to transfer the check to TNS Title, a company controlled by defendant OLAITAN.

### Second Sales Contract

27. On or about November 14, 2016, defendant OLAITAN signed a false and fraudulent contract (the "Second Contract") for the sale of the First Street property between 915 Decatur and Company 1 for approximately $550,000, which was provided to the Title Company.

28. On or about December 8, 2016, defendant OLAITAN signed and provided to the Title Company a false and fraudulent settlement statement ("HUD-1") alleging that 915 Decatur was the owner of the First Street property and selling the property to Company 1.

29. On or about December 9, 2016, defendant OLAITAN caused Person 2 to request a wire transfer of approximately $414,000 from an account at Industrial Bank to Title Company's escrow account at Bank of America for the purported sale of the First Street property from 915 Decatur to Company 1.

30. On or about December 12, 2016 defendant OLAITAN caused the Title Company to provide him with $96,410.84, the purported seller's portion of the sale proceeds, which were deposited into a Wells Fargo Bank account held in the name of 915 Decatur, an account for which defendant OLAITAN was the sole signatory.

31. On or about December 15, 2016, defendant OLAITAN caused the Title Company to file the false and fraudulent second Deed with the DCROD, which purportedly transferred the title of the First Street property from 915 Decatur to Company 1.

32. On or about December 15, 2016 defendant OLAITAN caused the Title Company to provide the DCROD with two checks to pay the fees and taxes associated with the recording of the fraudulent Deed and purported sale of the First Street property between 915 Decatur and Company 1.

### Execution of the Scheme

33. On or about the dates set forth below, in the District of Columbia and elsewhere, the defendant FRANKLIN A. OLAITAN, for the purpose of executing and attempting to execute the scheme to defraud the true owner, the lenders, and buyer of the First Street property, transmitted and caused to be transmitted by means of wire communications in interstate commerce the following writings, signs, signals, pictures, and sounds:

| Count | On or About Date | Description |
|---|---|---|
| 1 | December 15, 2016 | An interstate wire signal originating from the District of Columbia generated by BOA check no. 56458 issued to the DC Treasurer in the amount of $1,330.46, as described in Paragraph 25. |
| 2 | December 15, 2016 | An interstate wire signal originating from the District of Columbia generated by BOA check no. 56475 issued to the DC Treasurer in the amount of $12,211.50, as described in Paragraph 25. |
| 3 | December 15, 2016 | An interstate wire signal originating from the District of Columbia generated by the deposit of BOA check no. 56490 issued to the DC Treasurer in the amount of $31.50, as described in Paragraph 32. |
| 4 | December 15, 2016 | An interstate wire signal originating from the District of Columbia generated by the deposit of BOA check no. 56470 issued to the DC Treasurer in the amount of $17,211.00, as described in Paragraph 32. |

### COUNT FIVE
### (Interstate Transportation of Stolen Property)

The Grand Jury further charges that:

34. Paragraphs 1 through 9, and 13 through 33 are incorporated herein.

35. On or about December 15, 2016, in the District of Columbia and elsewhere, the defendant, FRANKLIN A. OLAITAN, transported, transmitted, and transferred in interstate commerce and caused to be transported, transmitted, and transferred in interstate commerce,

stolen goods and money valued at over $5,000, to wit, checks that were provided by a Title Company located in Maryland and delivered to the District of Columbia's Office of the Recorder of Deeds in the District of Columbia for the purpose of paying for the recordation of the Deed and taxes related to the purported sale of the First Street property from Person 1 to 915 Decatur LLC, knowing the same to have been stolen, converted, and taken by fraud.

**(Interstate Transportation of Stolen Property, in violation of
Title 18, United States Code Section 2314)**

### COUNT SIX
**(Interstate Transportation of Stolen Property)**

The Grand Jury further charges that:

36. Paragraphs 1 through 9, and 13 through 33 are incorporated herein.

37. On or about December 15, 2016, in the District of Columbia and elsewhere, the defendant, FRANKLIN A. OLAITAN, transported, transmitted, and transferred in interstate commerce and caused to be transported, transmitted, and transferred in interstate commerce, stolen goods and money valued at over $5,000, to wit, checks that were provided by a Title Company located in Maryland and delivered to the District of Columbia's Office of the Recorder of Deeds in the District of Columbia for the purpose of paying for the recordation of the Deed and taxes related to the purported sale of the First Street property from 915 Decatur LLC to COMPANY 1, knowing the same to have been stolen, converted, and taken by fraud.

**(Interstate Transportation of Stolen Property, in violation of
Title 18, United States Code Section 2314)**

### COUNTS SEVEN AND EIGHT
**(Aggravated Identity Theft)**

The Grand Jury further charges that:

38. Paragraphs 1 through 9, and 13 through 33 are incorporated herein.

39. On or about the dates listed below, within the District of Columbia and elsewhere, defendant, FRANKLIN A. OLAITAN, did knowingly transfer, possess, and use the means of identification of another person, to wit, the name and purported signatures of Person 1 and Person 4, knowing that Person 1 and Person 4 were real persons, without lawful authority, during and in relation to certain offenses, to wit, wire fraud, in violation of 18 U.S.C. § 1343, as alleged in Counts One and Two of this Indictment.

| Count | On or about Date | Description |
|---|---|---|
| 7 | December 15, 2016 | Causing the filing of a false deed and other documents with the DCROD purporting to contain the name and signature of Person 1 |
| 8 | December 15, 2016 | Causing the filing of a false deed and other documents with the DCROD purporting to contain the name and signature of Person 4 |

**(Aggravated Identity Theft, in violation of 18 United States Code, Section 1028A(a)(1), (c)(1))**

### COUNT NINE
### (Identity Theft)

The Grand Jury further charges that:

40. Paragraphs 1 through 9, and 13 through 33 are incorporated herein.

41. Between on or about September 23, 2016 and on or about March 22, 2017, within the District of Columbia and elsewhere, the defendant FRANKLIN A. OLAITAN did knowingly transfer, possess, and use, without lawful authority, in and affecting interstate commerce, a means of identification of another person, to wit, the name and purported signature of Person 1, with the intent to commit an unlawful activity that constitutes a felony under any application State or local law, to wit, first degree fraud, in violation of 22 D.C. Code Section 3221, and by

such conduct the defendant obtained items of value aggravating $1,000 or more during a one year period.

**(Identity Theft, in violation of Title 18, United States Code, Section 1028(a)(7))**

## COUNT TEN
### (First Degree Fraud)

The Grand Jury further charges that:

42. Paragraphs 1 through 9, and 13 through 33 are incorporated herein.

43. Between on or about October 23, 2016, and March 22, 2017, within the District of Columbia, the defendant FRANKLIN A. OLAITAN, engaged in a scheme and systematic course of conduct with intent to defraud and to obtain property of another, to wit, a real property located on First Street N.W., Washington, D.C., by means of false and fraudulent pretense, representation, and promise and thereby obtained property of a value of more than $1,000 and caused the loss of property of a value of more than $1,000 belonging to Person 1.

**(First Degree Fraud, in violation of 22 District of Columbia Code, Sections 3221(a) and 3222(a)(1))**

## FOREFEITURE ALLEGATION

1. Upon conviction of any of the offenses listed in Count One through Count Six of this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), The United States will also seek a forfeiture money judgment against the defendant in an amount equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to these offenses, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.	Upon conviction of the offense listed in Count Nine of this Indictment, the defendant shall forfeit to the United States and any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these violations, pursuant to Title 18, United States Code, Section 982(a)(2)(B). The United States will also seek a forfeiture money judgment against the defendant in an amount equal to the value of any property constituting, or derived from, proceeds the defendant obtained directly or indirectly, as the result of these violations, pursuant to Title 18, United States Code, Section 982(a)(2)(B).

3.	If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

    a.	cannot be located upon the exercise of due diligence;

    b.	has been transferred or sold to, or deposited with, a third party;

    c.	has been placed beyond the jurisdiction of the Court;

    d.	has been substantially diminished in value; or

    e.	has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 981 (a)(2)(A), 28 U.S.C. § 2461(c), and 21 U.S.C. § 853(p))**

A TRUE BILL:

FOREPERSON

*Matthew M. Groves/jph*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA